UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EMILY FAIRCHILD,
    Plaintiff,

v.

GEO GROUP INC.,
    Defendant.

Case No. 21-    -CD
Hon.

_____/
THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com
_____/

There is no other pending or resolved civil action arising out of the transactions or occurrences alleged in this Complaint.

## PLAINTIFF'S COMPLAINT & DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, EMILY FAIRCHILD, by and through her attorneys, THE MASTROMARCO FIRM, and hereby complains against Defendant, THE GEO GROUP INC., stating as follows:

### COMMON ALLEGATIONS

1.    That at all times as material hereto, Plaintiff is a resident of the County of Osceola, State of Michigan and is otherwise domiciled in the State of Michigan.

2.    That at all times as material hereto, the Defendant "The GEO Group,

INC," is a foreign corporation does business as GEO Northlake Correctional Facility in Baldwin, Michigan. (Northlake Correctional Facility is a privately owned medium- and maximum-security prison for men located in Baldwin, Lake County, Michigan, operated by GEO Group under contract for the Michigan Department of Corrections).

3. That Plaintiff began working for the Defendant The GEO Group, INC. (hereinafter referred to as GEO) on July 7, 2019, as data entry and continued to work for GEO until her constructive discharge on April 12, 2021.

4. That Plaintiff's problems began when she became pregnant in October of 2020.

5. She immediately received hostility for her pregnant condition.

6. That approximately 10-11 weeks into her pregnancy she tested positive for Covid-19. She was not able to return to work at that point in time and was put off work by her doctor.

7. That when plaintiff returned from her Covid-19 leave Plaintiff was demoted from data entry to medical records.

8. She was also tasked with the requirement of training her replacement who was taking her data entry job.

9. The Plaintiff was also told at that time that she was expected to keep up with her 'new position' in medical records as well as training her replacement, in

data entry[1], this was to continue, even after the training was complete. This included making sure that the medical records were up to date and accurate and not overdue. In addition, she continued to also be responsible for data entry. These actions on the part of the defendant were to make Plaintiff's job more difficult and impossible to perform, which eventually resulted in her constructive discharge.

10. That it was Defendant's intentions, to make Plaintiff's job intolerable, so that she would quit or resign the job.

11. That Plaintiff's immediate supervisor Ms. Cross did discriminate against the Plaintiff not only for her pregnancy, but also for taking COVID-19 leave.

12. That Plaintiff was also discriminated against by Mr. Cross, Tracy Johns and defendant GEO, since they continued to deny her FMLA leave or make it difficult when she needed FMLA leave because of her problem pregnancy.

13. That notwithstanding the fact that Plaintiff supplied medical records and notes from her doctor indicating that she had a problem pregnancy, Defendants refused to honor these requests for FMLA.

14. That after having allegedly switched Plaintiff to 'medical records' defendants then switched Plaintiff back to 'data entry' because the new trainee obtained a new job in the facility.

---

[1] This was a demotion, but Plaintiff was also required to perform her old position without the title.

15. Notwithstanding the fact that the new trainee was not doing her job, the Plaintiff was blamed for the problems with data entry being behind because of the lack of completion by the new trainee and catch-up work from Plaintiff taking Covid-19 leave.

16. That Defendant's made it very clear, that they did not like the leave that Plaintiff was asking for, her FMLA request, or the fact that she was pregnant.

17. That furthermore throughout the month of February defendants refused to allow Plaintiff time off to meet with her doctor unless she could make the time up on the weekends, which the Plaintiff could not do.

18. The doctor appointments for which Plaintiff requested leave, were due to complications due to her pregnancy.

19. That this posture by Defendant's continued into the spring of 2021, and defendants continually refused to provide FMLA, and when questioned, would claim that they had "lost" her FMLA paperwork.

20. That Plaintiff was continually told by her manager Ms. Cross that "she needs someone who is reliable in the position," and implied that Plaintiff was not reliable because of her prenatal care, complication, and request for FMLA Leave and appointments.

21. That Ms. Cross specifically told Plaintiff that "your child and you are not a concern for me, figure it out and grow up," or words to that effect.

22. That, furthermore, on or about April 9, 2021, Plaintiff was told by her supervisor that she could not take FMLA leave and was told that if she had to take time off, she would have to make it up on a Saturday.

23. That on April 12, 2021, Plaintiff was again told she couldn't use FMLA "at all" and as such, the Plaintiff was constructively discharged from her employment because of defendant's actions in refusing to honor FMLA leave, which caused her job duties and working conditions to become intolerable to the point she was forced to quit or leave the job.

24. That in fact the Defendants did also affect a term, condition and privilege of employment because of Plaintiff's pregnancy.

25. That in fact, Tracy Johns, the Plaintiff's Warden did specifically engage in 'direct evidence of discrimination when he indicated that Plaintiff's absences, were "her own fault" and the "consequence of your behavior in becoming pregnant" (or words to this effect).

26. That the Warden went on and said, "because you got pregnant and chose to spread your legs and have unprotected sex, whether it was a one night stand or something else, the facility gets to pay for it now".

27. That such statements show a direct hostility toward Plaintiff's pregnancy.

28. That such statements are direct evidence of discrimination and in addition show retaliation and hostility toward the Plaintiff for her pregnancy and requests for leave under FMLA.

29. That Defendant's actions constitute sexual harassment in violation of the Elliott-Larsen Civil Rights Act.

30. That Defendant's actions constitute retaliation in violation of the Elliott-Larsen Civil Rights Act.

31. That Defendant's actions also constitute both interference with Plaintiff's FMLA leave, but also retaliation under the act.

32. That the amount in controversy exceeds the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of costs, interest, and attorney fees.

33. That this Honorable Court has jurisdiction over Plaintiff's federal law claims pursuant to 29 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 29 U.S.C. § 1367.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

### COUNT I – RETALIATION IN VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT

34. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 26 of her Common Allegations, word for word and paragraph for paragraph, as if fully restated herein.

35. That Congress enacted the Family and Medical Leave Act, finding that "there is inadequate job security for employees who have serious health conditions that prevent them from working for temporary periods." 29 U.S.C. § 2601(a)(4).

36. That at all times material hereto, Defendant was a covered employer as defined by the FMLA and the applicable federal regulations. 29 C.F.R. § 825.104.

37. That at all times material hereto, Plaintiff was an eligible employee as defined by the FMLA and the applicable federal regulations. 29 C.F.R. § 825.110.

38. That the FMLA makes it unlawful for an employer "to discharge or in any other manner discriminate against an individual for opposing any practice made unlawful by" the Act. 29 U.S.C. § 2615(a)(2).

39. That Plaintiff took activity protected by the FMLA by requesting and taking FMLA-qualifying leave. *See Bryant v. Dollar General Corp.*, 538 F.3d 394 (6th Cir. 20087).

40. That Defendant took adverse employment actions against Plaintiff, including terminating her employment.

41. That a causal connection exists between Plaintiff's protected activity

and the adverse employment actions.

42. That a causal connection is demonstrated, at least in part, by the varying and inconsistent reasons given for Plaintiff's termination.

43. That Defendant's proffered reasons for terminating Plaintiff's employment are wholly pretextual in nature.

44. That Defendant's actions constitute retaliation in violation of the Family and Medical Leave Act.

45. That pursuant to 29 U.S.C. § 2617, Plaintiff hereby makes a claim for the following elements of damages directly and proximately caused by Defendant's unlawful actions:

    (a) Any wages, salary, employee benefits, or other compensation denied or lost to Plaintiff by reason of Defendant's violations of the FMLA;

    (b) The interest on said wages, salary, employee benefits, and other compensation at the prevailing rate;

    (c) An additional amount as liquidated damages equal to the above two sums;

    (d) Reasonable attorney fees, reasonable expert witness fees, and other costs of this action; and

    (e) Any such equitable relief as may be appropriate.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and

attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT II – PREGNANCY DISCRIMINATION

46. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 26 through 38 of her COUNT I Retaliation in Violation of Family and Medical Leave Act, word for word and paragraph for paragraph, as if fully restated herein.

47. That in fact the Defendants did affect a term, condition and privilege of employment because of Plaintiff's pregnancy.

48. That in fact, Tracy Johns, the Plaintiff's Warden did specifically engage in 'direct evidence' of discrimination when he indicated that Plaintiff's absences, were "her own fault" and the "consequence of your behavior in becoming pregnant" (or words to this affect).

49. That the Warden went on and said, "because you got pregnant and chose to spread your legs and have unprotected sex, whether it was a one night stand or something else, the facility gets to pay for it now".

50. That such statements show a direct hostility toward Plaintiff's pregnancy.

51. That such statements are direct evidence of discrimination.

52. That Defendant's actions constitute sexual harassment in violation of the Elliott-Larsen Civil Rights Act.

53. That Defendant's actions constitute retaliation in violation of the Elliott-Larsen Civil Rights Act.

54. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer severe economic and non-economic damages, including, but not limited to, loss of back pay, front pay, and all benefits and pensions, and also has suffered emotional distress, mental anguish, shock, fright, humiliation, embarrassment, nervousness, anxiety, depression, disruption of lifestyle, and denial of social pleasures.

55. That Plaintiff hereby claims the costs of the litigation, including reasonable attorney fees and witness fees, pursuant to MCL §§ 37.2801 and 37.2802.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

Respectfully submitted,

                                        THE MASTROMARCO FIRM

Dated: <u>September 3, 2021</u>       By:<u>*/s/ Victor J. Mastromarco, Jr.*</u>
                                           VICTOR J. MASTROMARCO, JR. (P34564)
                                           Attorneys for Plaintiff
                                           1024 N. Michigan Avenue
                                           Saginaw, Michigan 48602
                                           (989) 752-1414
                                           vmastromarco@mastromarcofirm.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EMILY FAIRCHILD,

    Plaintiff,                               Case No. 21-      -CD
                                                    Hon.

v.

GEO GROUP INC.,

    Defendant.
_____/
THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com
_____/

## **DEMAND FOR TRIAL BY JURY**

      NOW COMES Plaintiff, EMILY FAIRCHILD, by and through her attorneys, THE MASTROMARCO FIRM, and hereby demands a trial by jury on all of the above issues, unless otherwise expressly waived.

                                                Respectfully submitted,
                                                THE MASTROMARCO FIRM

Dated: September 3, 2021           By:*/s/ Victor J. Mastromarco, Jr.*
                                                VICTOR J. MASTROMARCO, JR. (P34564)
                                                Attorneys for Plaintiff
                                                1024 N. Michigan Avenue
                                                Saginaw, Michigan 48602
                                                (989) 752-1414
                                                vmastromarco@mastromarcofirm.com